IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                             Cr. No. 19-cr-4447-KWR

MAROQUEZ CLAH,

       Defendant.

DEFENDANT'S UNOPPOSED MOTION TO CONTINUE

       Defendant Maroquez Clah, by and through his counsel of record Assistant Federal Public Defender Emily P. Carey, moves the Court to continue the jury trial currently scheduled on the April 13, 2020 trailing docket, and to vacate and reschedule all other deadlines and settings in this matter for ninety days. In support of this Motion, counsel states:

       1.       On February 20, 2020, Mr. Clah pleaded not guilty to an indictment charging him with one count of involuntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112.

       2.       Trial in this matter is scheduled for April 13, 2020.  The Call of the Calendar is scheduled on April 9, 2020.

       3.       Defense counsel received discovery on February 25, 2020, and supplemental disclosures on March 9, 2020. Discovery is voluminous and includes hours of video, as well as reports, photographs, medical records, and audio recordings. Counsel is continuing discovery review in this case.

       4.       Before defense counsel can adequately advise Mr. Clah about his legal options, counsel must conduct a thorough and complete investigation into the count charged.  Defense

counsel has a recognized duty to conduct a reasonable investigation. *See Strickland v. Washington*, 466 U.S. 668, 691, 104 S. Ct. 2052 (1984).

5. Defense counsel requires additional time to determine whether to file pretrial motions and to prepare those motions. Defense counsel cannot adequately advise Mr. Clah on pretrial motions prior to conducting a thorough review of all discovery and completing the defense investigation.

6. Moreover, the parties require additional time to discuss the possibility of a negotiated resolution. Mr. Clah believes it may be in his best interest to explore whether this matter can be resolved short of trial. However, Defense counsel must conclude a thorough discovery review and complete the defense investigation prior to effectively advising Mr. Clah on a plea agreement in this case.

7. Alternatively, Defense counsel requires additional time to prepare should this matter proceed to trial. Mr. Clah's right to the effective assistance of counsel includes adequate time to prepare for trial, and effectively complete a defense investigation. Without this time to prepare, Mr. Clah will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

8.      Mr. Clah therefore respectfully requests a continuance of ninety (90) days in order to prepare for trial. Mr. Clah cannot be and will not be ready for trial in advance of ninety (90) days from the current setting.

9.      Mr. Clah believes that a continuance of ninety (90) days from the current trial setting is the minimum length of time necessary to complete the following tasks:

   a) To allow defense counsel an opportunity to thoroughly review all discovery.

   b) To allow defense counsel to conduct a reasonable and thorough investigation.

   c) To allow defense counsel to determine whether to file pretrial motions.

   d) To allow time for the parties to engage in meaningful plea negotiations.

10.     The continuance will not prejudice Mr. Clah, as it will allow counsel an opportunity to prepare an effective defense and to attempt to negotiate a favorable plea bargain. Counsel has informed Mr. Clah of his rights under the Speedy Trial Act, 18 U.S.C. § 3161, and he understands the need for a continuance and respectfully requests that the Court continue trial for ninety (90) days from the current setting.

11.     Undersigned counsel affirmatively states that granting this extension of time in which to file motions and a continuance of the trial will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice by

allowing the defense to conduct a thorough review of all discovery, adequately investigate the case, and prepare and file any necessary pretrial motions.

12. Additionally, a continuance will provide the parties time to discuss a possible negotiated resolution, which could materially benefit both parties and the Court. The Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial. *See Connolly v. United States,* 2013 WL 530869 (D. N.J. Feb. 11, 2013) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161, et seq.); *United States v. Stanton,* 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford,* 394 F. App'x, 927, 2010 WL 3622995 (3d Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including the time to discuss plea negotiations and the continuance would likely conserve judicial resources).

13. Counsel for the United States, Assistant United States Attorney Novaline Wilson, does not oppose a continuance.

WHEREFORE, Mr. Clah respectfully requests that this Court continue the jury trial and motions deadline as set forth above.

> Respectfully Submitted,
>
> **FEDERAL PUBLIC DEFENDER**
> 111 Lomas NW, Suite 501
> Albuquerque, NM 87102
> (505) 346-2489

*Electronically filed March 17, 2020*
/s/ Emily P. Carey
Assistant Federal Public Defender
Attorney for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that on March 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following: Novaline Wilson, Assistant United States Attorney.

*Electronically filed March 17, 2020*
/s/ Emily P. Carey
Assistant Federal Public Defender