IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                                     Case No. 1:19-CR-04447 KWR

MAROQUEZ CLAH,

    Defendant.

## ORDER GRANTING DEFENDANT'S APPEAL OF ORDER DENYING MOTION TO MODIFY CONDITIONS OF RELEASE

THIS MATTER is before the Court on Defendant's Appeal of Magistrate Judge Briones' Denial of Motion to Modify Conditions of Release, filed April 6, 2020 **(Doc. 23)**. The Court has reviewed the record in this case, pretrial services' report and recommendation, and the parties' pleadings.

Pretrial Services recommends that Defendant's conditions of release be modified to terminate La Pasada Halfway House as a third-party custodian. The Court finds that Defendant's motion is well-taken and therefore the Court **GRANTS** Defendant's Notice of Appeal of Order Denying Motion for Release. Defendant's conditions of release are modified as specified in the conclusion below.

## BACKGROUND

On December 3, 2019, an indictment was filed charging Defendant with involuntary manslaughter pursuant to 18 USC § 1153 and 1112. Plaintiff is alleged to have driven under the influence and caused a single-vehicle crash, which resulted in the death of a passenger.

A detention hearing was held on February 20, 2020, and Defendant was released from custody to the La Pasada Halfway House. Approximately a month later, Defendant filed a motion to modify conditions of release, asking to terminate third party custodian the La Pasada Halfway House. Magistrate Judge B. Paul Briones denied the motion.

Defendant had surgery on his leg as a result of the charged incident. On April 15, 2020, Defendant attended a medical appointment with his surgeon in Farmington. Defendant requires further surgery to address an infection in his leg. It appears that La Pasada Halfway House is unable to provide post-surgery care.

Defendant asks to be released to his parents' home in Red Valley, Arizona. The District of Arizona Pretrial Services conducted a home assessment, determined that the home was suitable, and agreed to take responsibility for Defendant's pretrial supervision.

## LEGAL STANDARD

Defendant appealed the Magistrate Judge's denial of his Motion to Modify Conditions of Release pursuant to 18 USC § 3145. "A district court conducts a de novo review of a magistrate judge's detention order, [] but there is no statutory requirement that the court hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (citation omitted) *citing United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).

"A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the

community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant has already been placed on conditions of release. Defendant seeks to modify conditions to terminate third-party custodian La Pasada Halfway House. The Government asserts that Defendant poses a danger to the community given his prior DUI arrest and substance abuse issues. The Government has not asserted that Defendant is a flight risk.

Here, the Court notes that the Government has generally not contested the veracity of Defendant's factual allegations. *See* **Docs. 20, 25.** Rather, the Government asserts that Defendants' allegations are insufficient under the § 3142(g) factors and no conditions of release can reasonably assure the safety of the community. Therefore, the Court exercises its discretion to decline to hold a hearing, as neither party has shown that a contested evidentiary hearing is necessary.

    A. **Nature and Circumstances of Crime Charged.**

Defendant is charged with involuntary manslaughter. Defendant is alleged to have driven under the influence, at .258 BAC, while driving in excess of 90 miles per hour. The truck he was driving flipped, and a passenger died.

    B. **Weight of the Evidence.**

For the reasons stated by the Government, the weight of the evidence appears to be strong.

### C.  Defendant's history and characteristics.

The third factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

Pretrial services noted in its April 17, 2020 report that Defendant has complied with conditions of release so far in this case.  Pretrial Services noted that he has not had any compliance incidents.  He has submitted to random drug and breath tests, all of which have been negative.  He also attends AA meetings two to three times per week and attends counseling.

Defendant has a limited criminal history.  Aside from the charged incident he has one prior DUI conviction in 2018.  Defendant was sentenced to 90 days of supervised probation.  The probation officer in that case reported that he complied with conditions of release, went to all scheduled meetings with his probation officer, and maintained full-time employment.

The Court concludes that Defendant's history of compliance in his 2018 case and in this case indicates he will likely continue to comply with conditions of release in this case.

Defendant's physical and medical condition weighs toward modifying conditions of release.  Defendant needs another surgery on his leg, which has become infected.  Defendant's surgery is scheduled for April 22, 2020.

Pretrial Services noted that the Director of La Pasada Halfway House represented that they do not currently have the capacity to care for defendant's medical needs after he is released from

the hospital. The Court concludes that the requested modification is reasonably necessary to care for Defendant's medical needs.

The Court concludes that all of these circumstances together weigh strongly toward modifying the conditions of release.

### D. Danger to Community.

Defendant poses a danger to the community if driving under the influence. The Pretrial services report notes that he does not currently have access to a vehicle and is currently complying with testing and counseling. As explained below, conditions of release can be tailored to reasonably assure the safety of the community.

### E. Conditions of release will reasonably assure safety of the community.

Generally, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Begay,* 315 Fed.Appx. 53, 54 (10th Cir. 2009).

Defendant requests that the Court terminate the condition that La Pasada Halfway house serve as third-party custodian. Pretrial Services issued a report recommending that Defendant's conditions of release be modified to terminate La Pasada Halfway House as a third-party custodian. Pretrial Services asserts that the remaining conditions of release are sufficient to assure the safety of the community. The Court agrees.

Defendant's primary danger to the community is driving under the influence. The conditions of release require that Defendant not to use alcohol and require that he submit to testing. It also requires that he participate in a program of substance abuse therapy and counseling if

directed by his supervising officer. The conditions also provide that he may not operate a motor vehicle.

On March 18, 2020, United States Pretrial Services officers from the District of Arizona conducted a collateral home assessment of Defendant's parents' home in Red Valley, Arizona. The officer concluded he would be able to supervise the defendant at the home. The home resides within 45 minutes of Farmington, where Defendant could be tested. Pretrial Services has represented that the District of Arizona has agreed to supervise Defendant.

Given that Defendant has a history of compliance with conditions of release or probation, and lacks access to a vehicle, the Court agrees with Pretrial Services' recommendation and concludes that these conditions will reasonably assure the safety of the community.

## **CONCLUSION**

Weighing the § 3142(g) factors together, the Court concludes that the remaining conditions of release can reasonably assure the safety of the community.

Therefore, the Court modifies Defendant's conditions of release to terminate La Pasada Halfway House as third-party custodian. The Court further modifies conditions of release to allow Plaintiff to reside with his parents in Red Valley, Arizona, attend medical appointments in Shiprock and Farmington, obtain treatment and substance abuse testing, and attend meetings with his pretrial services officer in Flagstaff, Arizona or elsewhere. Aside from such meetings and medical appointments, travel is otherwise restricted to Apache County, Arizona unless prior approval by his supervising officer is obtained. The District of Arizona Pretrial Services has agreed to supervise Defendant, and the Court consents to transfer pretrial supervision to the District of Arizona. All other conditions of release remain in effect.

**IT THEREFORE ORDERED** that the Defendant's Appeal of Order Denying Motion to Modify Conditions of Release **(Doc. 23)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that conditions of release are modified as stated above. All other conditions of release previously imposed remain in effect.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE